MILLS, Judge.
Appellant (wife) in this domestic relations dispute seeks reversal of an interlocutory court order releasing a deed to real property from escrow and returning the property to appellee (husband). We affirm.
The deed to real property located in Holmes County, Florida, was placed in escrow pursuant to a stipulation entered into by the parties and confirmed by court order. The stipulation provided that, in return for release from confinement in jail on a contempt of court charge for a period from 1 June to 21 June 1982, husband would place the deed in escrow in wife’s name. The court order confirming the stipulation specifically states that the deed was “to insure the return of husband on or before June 21, 1982.” The record does not reflect, nor does wife allege, that husband failed to return to confinement on the appointed date. Therefore, any right wife might have had in the real property arising from this stipulation expired upon husband’s fulfillment of its terms.
Husband’s subsequent filing of a “stipu-lat[ion] to continue to pledge the property” for the assurance of his future appearance in court was an independent, gratuitous action on his part, not pursuant to an agreement of any sort between the parties or to a court order. The second stipulation is therefore unenforceable and confers no right to the property on wife. Assuming that the second stipulation was valid, there is no evidence in the record that husband failed at any time to appear pursuant to the terms thereof. The order of the lower court releasing the property from escrow to husband’s custody is affirmed. Wife’s motion for attorney’s fees is denied,
BOOTH and BARFIELD, JJ., concur.